I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 1/18/08

E. Carson

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
JAN 18 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON AARON MORRIS,<br><br>    Petitioner,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER,<br>BOARD OF PRISON TERMS, et al.,<br><br>    Respondents. | NO. CV 08-233-GPS (MAN)<br><br>ORDER DISMISSING PETITION<br>WITH LEAVE TO AMEND |

Petitioner, a California state prisoner proceeding *pro se*, filed a habeas petition, pursuant to 28 U.S.C. § 2254, on January 14, 2008 ("Petition").[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. The Petition suffers from two defects that prevent this action from proceeding. Accordingly, the Petition must be dismissed with leave

---

[1] Petitioner filed an almost identical version of the Petition earlier, in Case No. CV 07-5880-SVW (MAN). The petition filed in the earlier action was dismissed without prejudice on October 2, 2007, for lack of exhaustion.

to amend, and Petitioner is granted leave to file a First Amended Petition that corrects the following defects:

I. <u>The Petition Does Not Name A Proper Respondent</u>.

Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, when a habeas petitioner is in custody, "the petition must name as respondent the state officer who has custody." *See also* <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Here, Petitioner names as Respondents Arnold Schwarzenegger, the Governor for the State of California, and the California Board of Prison Terms. Neither person has custody of Petitioner, and neither is an appropriate Respondent in this case. As a result, there is no valid Respondent upon whom the Petition may be served. The appropriate person to name as Respondent in this case is the Warden of Petitioner's present institution.

In his First Amended Petition, Petitioner shall name as Respondent *only* the Warden of his institution.

II. <u>Ground Two Is Not Cognizable</u>.

Petitioner states that he was convicted on June 30, 1998, and sentenced to a term of eight years and eight months. (Petition at 2.) He alleges that: his sentence included three years of parole; he commenced his parole on April 23, 2004; he should have been "discharged off parole as of" April 23, 2007; and instead, he was arrested on August 17, 2007, and a parole hold was placed on him "illegally." (Petition at

3, 5.)

By Ground One, Petitioner alleges that his arrest for a parole violation, and attendant incarceration, was improper, because he already had completed his parole as of the time of his arrest and charged parole violation. (Petition at 3.) Although presently lacking in adequate factual detail, Ground One may state a claim, if supported with appropriate factual detail, which may be considered on federal habeas review.

By Ground Two and various handwritten letters attached to the Petition, Petitioner complains about the conditions of his confinement, e.g., that he is being subjected to overcrowding and "inhumane" treatment while incarcerated, including sleeping on floors, insufficient and cold food, inadequate medical treatment and exercise, lack of visits, and staph infections. (Petition at 4 and attachments.) As the Court advised Petitioner in its Order dismissing his prior habeas action, this claim is not cognizable on habeas review.

Generally, a state prisoner challenging the fact or duration of his state conviction or sentence on the ground of alleged violations of federal rights, and seeking release from imprisonment as a result, does so by way of a federal habeas corpus petition under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973); Sisk v. Branch, 974 F.2d 116, 117 (9th Cir. 1991). However, the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody" is a civil rights action, under 42 U.S.C. § 1983,

not a habeas action. <u>Preiser</u>, 411 U.S. at 475, 93 S. Ct. at 1841; *see also* <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).

In summary, Ground One arguably may state a claim cognizable under Section 2254, if it is supported by adequate factual allegations. Ground Two does not state a claim cognizable under Section 2254, because Petitioner asserts a constitutional challenge to the conditions of his prison life by his second claim rather than a challenge to the fact or length of his custody. Accordingly, Ground One is dismissed with leave to amend, so that Petitioner may re-plead the claim with a statement of the facts that he contends support the claim. Ground Two is dismissed without leave to amend, because no amendment could make the claim cognizable under Section 2254. If Petitioner wishes to seek federal relief based on the subject-matter of Ground Two, he must bring a separate civil rights action.[2]

III. <u>Petitioner May File An Amended Petition</u>.

If Petitioner wishes to pursue this action, he must file a First Amended Petition that complies with this Order **within thirty (30) days**. Any First Amended Petition that Petitioner chooses to file shall be complete in itself and shall not refer in any manner to the original

---

[2] Petitioner does not allege that his administrative remedies have been exhausted with respect to the subject-matter of Ground Two, and he has not presented documentary evidence establishing any such exhaustion. Petitioner is advised that, until he fully exhausts his administrative remedies with respect to the subject-matter of Ground Two, his civil rights claim(s) may not be asserted in any federal court. *See* 42 U.S.C. § 1997e(a); <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S. Ct. 983, 988 (2002); <u>Booth v. Churner</u>, 532 U.S. 731, 789, 121 S. Ct. 1819, 1824 (2001).

Petition. Exhibits and declarations may be submitted in support of the First Amended Petition and will be considered, if relevant, provided they are referenced within the First Amended Petition and are properly tabbed and numbered in accordance with Local Rule 11-5. A separate Memorandum of Points and Authorities in support of the First Amended Petition also may be filed. Any such Memorandum shall not exceed twenty-five (25) pages in length.

The Clerk is directed to return a copy of the Petition to Petitioner. In addition, the Clerk is directed to provide Petitioner with a blank copy of the Section 2254 habeas corpus form approved for use in this District, which Petitioner shall utilize in preparing his First Amended Petition, if any.[3]

///
///
///
///
///
///
///
///
///

---

[3] Petitioner is advised that, pursuant to Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, a state habeas petitioner seeking federal habeas relief must present a habeas petition that "substantially follow[s]" the form of petition accompanying the rules *or* the form of petition prescribed by a local rule of the pertinent District Court. Accordingly, Petitioner should use this District's form for Section 2254 habeas petitions, rather than the State of California habeas petition form he utilized for the Petition.

Petitioner is explicitly cautioned that his failure to file a First Amended Petition within the time specified in this Order, or to correct the deficiencies noted herein, may result in a recommendation that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: January 17, 2008.

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE